# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUTH DIXON, ISHEA ANDERSON-RODRIGUEZ, ANDRE SMITH, MAHAGANY BIVENS, SHANTEEMA PALLET, KENNY FORD, SAM HIRTH, NICHOLE GAMBACCINI, and EARL GLENN, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  -against-<br><br>SCOTT ZABKA, Individually, S.Z. ENTERPRISES, INC., and THE SCOTT FETZER COMPANIES d/b/a KIRBY,<br><br>     Defendants. | No. 3:11-cv-982 (MPS)<br><br><br><br>February 5, 2013 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE SCOTT FETZER COMPANY D/B/A THE KIRBY COMPANY'S MOTION FOR PARTIAL DISMISSAL OF THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(7)**

*ORAL ARGUMENT REQUESTED*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**I.     PRELIMINARY STATEMENT** ................................................................................... 1

**II.    STATEMENT OF FACTS** ............................................................................................ 2

    **A.     PROCEDURAL HISTORY** ............................................................................. 2

    **B.     INDEPENDENT DEALERS** ............................................................................ 3

**III.   ARGUMENT** .................................................................................................................. 4

    **A.     THE DISTRIBUTORS ARE NECESSARY PARTIES AND DISTRIBUTORS LOCATED OUTSIDE OF CONNECTICUT ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT** ................... 5

    **B.     THE DISTRIBUTORS ARE INDISPENSABLE PARTIES AND, THUS, CLAIMS BROUGHT ON BEHALF OF INDEPENDENT DEALERS FOR DISTRIBUTORS OUTSIDE OF CONNECTICUT MUST BE DISMISSED** ..................................................................................... 8

**IV.    CONCLUSION** ............................................................................................................ 10

**TABLE OF AUTHORITIES**

**CASES**                                                                                                   **PAGE**

*Barker-Homek v. Abu Dhabi Nat'l Energy Co. PJSC*,
    2011 U.S. Dist. LEXIS 110591 (E.D. Mich. Sept. 28, 2011)..................................................6

*Dunn v. Std. Bank London Ltd.*,
    No. 05-CV-2749 (DLC), 2006 U.S. Dist. LEXIS 3115 (S.D.N.Y. Jan. 30, 2006)....................6

*Errico v. Stryker Corp.*,
    10 Civ. 3960 (VM) (JLC), 2010 U.S. Dist. LEXIS 133567
    (S.D.N.Y. December 13, 2010)..................................................................................................9

*In re Helicopter Crash Near Wendle Creek, British Columbia on August 8, 2002*,
    485 F. Supp. 2d 47 (D. Conn. 2007)..........................................................................................7

*Mattera v. Clear Channel Communs., Inc.*,
    239 F.R.D. 70 (S.D.N.Y. 2006) ........................................................................................5, 6, 8

*RBS Citizens, N.A. v. Portugal*,
    Civil Action No., 3:10 CV 1306 (AWT), 2011 U.S. Dist. LEXIS 103585
    (D. Conn. Sept. 14, 2011).........................................................................................................6

*Thomas v. Ashcroft*,
    470 F.3d 491 (2d Cir. 2006)......................................................................................................7

*Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co.*,
    312 F.3d 82 (2d Cir. 2002)........................................................................................................4

*Viacom Int'l, Inc. v. Kearney*,
    212 F.3d 721 (2d Cir. 2000).................................................................................................5, 8

**STATUTES**

Conn. Gen. Stat. § 52-59b..................................................................................................................7

29 U.S.C. §§ 201 *et. seq*............................................................................................... *passim*

**OTHER AUTHORITIES**

Charles Alan Wright & Arthur R. Miller,
    7 Fed. Prac. & Proc. Civ. § 1609 (3d ed.)............................................................................2, 9

Fed. R. Civ. P. 4(k)(1)......................................................................................................................7

Fed. R. Civ. P. 12(b)(7)....................................................................................................................4

Fed. R. Civ. P. 19................................................................................................................. *passim*

I.  **PRELIMINARY STATEMENT**

Defendant The Scott Fetzer Company d/b/a The Kirby Company ("Kirby") manufactures high-end "Kirby" brand home cleaning systems. Kirby sells the systems to authorized distributors, who retain individuals referred to as "Independent Dealers" to go door-to-door selling the systems to consumers. The distributors – not Kirby – recruit and enter into contracts with the Independent Dealers. And it is the distributors – not Kirby – that interact with the Independent Dealers, determine their rate of pay, pay them, report their pay to the government, and maintain their records.

Plaintiffs' principal claim in this case is that the distributors and distributor trainees[1] in seven states, including Connecticut, did not properly pay their Independent Dealers for several days of training time in their first week of work. Asserting that the Independent Dealers were misclassified as independent contractors, Plaintiffs seek minimum wages on their behalf under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, for this training time. However, rather than suing the distributors for whom the Independent Dealers worked, Plaintiffs proceed against Kirby, the manufacturer of the products, on a joint employment theory. Plaintiffs have not named the distributors as defendants (save for one distributor in Connecticut) because with a few exceptions, they cannot. The vast majority of the distributors are outside the state of Connecticut and, thus, not subject to personal jurisdiction in this Court.[2]

---

[1] Distributor trainees are similar to distributors but operate under the tutelage of and receive aid and assistance from a sponsoring distributor.

[2] Plaintiffs initially sought to recover minimum wage and overtime on behalf of Independent Dealers for weeks beyond the first week of work, but dismissed those claims with prejudice in face of the defense that, even if the Independent Dealers were employees and not independent contractors, the Independent Dealers would be exempt from FLSA requirements under the outside sales person exemption. (See Docket Entry 91.) While Kirby vehemently denies that it is a joint employer and that the Independent Dealers are subject to FLSA requirements even during their initial workweek, the Court need not reach these issues for the purposes of the instant motion.

Plaintiffs' claims on behalf of Independent Dealers who worked for distributors outside Connecticut must be dismissed because such distributors are necessary and indispensable parties who cannot be joined due to a lack of personal jurisdiction. Fed. R. Civ. P. 19 ("Rule 19") is intended to protect absentee parties from prejudice, to protect the current parties from harassment by successive suits, and to protect the courts from being imposed upon by multiple litigation. *See* Charles Alan Wright & Arthur R. Miller, 7 Fed. Prac. & Proc. Civ. §1609 (3d ed.). Rule 19 provides that where a party is necessary and indispensable and joinder is not feasible for jurisdictional or other reasons, the court must dismiss the action. *See* Fed. R. Civ. P. 19(b).

Here, the distributors are necessary and indispensable parties because they have strong interests distinct from Kirby that can be protected only if the distributors are parties to the action, and a judgment rendered in the distributors' absence would be highly prejudicial to them. Further, if this case proceeds in the absence of the distributors, Kirby could be forced to defend itself against the same claims in multiple cases, which would be extremely burdensome and a waste of judicial resources. Accordingly, because joinder of the distributors outside of Connecticut is impossible due to lack of personal jurisdiction, Count One of the Second Amended Complaint ("SAC"), failure to pay minimum wage under the Fair Labor Standards Act for time spent in training, should be dismissed to the extent that it is brought on behalf of Independent Dealers for distributors located outside the state of Connecticut.

## II.  STATEMENT OF FACTS

### A.  Procedural History

On June 20, 2011, Plaintiffs filed this action seeking, among other things, allegedly unpaid minimum wages pursuant to the FLSA on behalf of Independent Dealers who worked for one distributor based in Connecticut, Defendant Zabka and his business, S.Z. Enterprises, Inc. ("SZE"). (Docket Entry 1.) On July 26, 2012, Plaintiffs filed a motion for leave to amend the

complaint to add claims on behalf of Independent Dealers in various geographic divisions, including the Patriot Division and other divisions that included the states of South Carolina and Virginia, and Plaintiffs also sought to join additional named plaintiffs. (Docket Entry 133.)

On November 7, 2012, the Honorable Stefan R. Underhill partially granted Plaintiffs' motion, permitting amendment of the complaint, but only allowing the addition of claims on behalf of Independent Dealers who worked for distributors within the Patriot Division. (Docket Entry 147.) The "Patriot Division" includes distributors located in Connecticut, Massachusetts, Maine, New Hampshire, Rhode Island, Vermont, and part of New York. (Helo Tr. 202-208.)[3]

On January 15, 2013, Plaintiffs filed the Second Amended Complaint. (Docket Entry 152.) Count 1 of the SAC asserts, on behalf of Independent Dealers who worked for distributors in the Patriot Division, a claim for minimum wages pursuant to the FLSA for the time spent in training during their first week of work. (SAC ¶¶ 35(a), 73, 75, 76, 77.) There are approximately seventy-five current and former distributors or distributor trainees in the Patriot Division from the relevant time period. Zabka is the *only* distributor named as a defendant in the SAC. (*Id.* at ¶¶ 32-34.)

### B. Independent Dealers

Defendant Kirby manufactures high-end "Kirby" brand vacuum cleaners. (SAC ¶¶ 1, 34, 40.) Kirby vacuum cleaners are sold exclusively through authorized distributors who retain personnel to sell the Kirby products. (*Id.* at ¶¶ 1, 40.)

Each distributor recruits "Independent Dealers" who go door-to-door to perform promotional product demonstrations in customers' homes for the purpose of persuading

---

[3] True and correct copies of relevant excerpts from the deposition transcript of Mark Helo are attached hereto as Exhibit A.

3

homeowners to buy Kirby products. (*Id*. at ¶¶ 1, 44(a), 47, 52(a).) Distributors enter into contracts with the Independent Dealers to retain their services. (Id. at ¶ 42(e); Helo Tr. 239-42.) Distributors set the terms and conditions of their respective Independent Dealers' engagement, including:

- Recruiting, retaining, overseeing, and terminating Independent Dealers (Helo Tr. 110-11, 136-37, 228-29, 330-33; 340-44; 351-52);
- Setting and administering the compensation for Independent Dealers, including the amount of their commission structure and bonuses, if applicable (Helo Tr. 149, 357-63);
- Maintaining payment and other records of Independent Dealers (Helo Tr. 187, 364-65); and
- Reporting earnings of the Independent Dealers to the government, as applicable (Helo Tr. 172-73).

As set forth more fully below, the SAC should be dismissed to the extent that it asserts claims on behalf of Independent Dealers who worked for distributors located outside the state of Connecticut because they are necessary and indispensable parties who cannot be joined due to lack of jurisdiction, and it would not be equitable for this case to proceed in their absence.

### III.  ARGUMENT

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party triggers the two-step analysis set forth in Fed. R. Civ. P. 19.  First, the court must determine whether an absent party is a "necessary" party.  *See* Rule 19(a); *Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co*., 312 F.3d 82, 87 (2d Cir. 2002).  If the court decides that a party is necessary under Rule 19(a), and joinder is not feasible for jurisdictional or other reasons, the court must then determine whether the party is "indispensable."  *See* Rule 19(b).  *Universal Reins.* 312 F.3d at 87.  Here, the distributors outside of Connecticut are both necessary and indispensable parties.

4

### A. THE DISTRIBUTORS ARE NECESSARY PARTIES AND OUT-OF-STATE DISTRIBUTORS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT.

Rule 19(a) governs whether a party is deemed "necessary." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). An absent party is deemed necessary where the court cannot award complete relief to the parties present without joining the non-party or, alternatively, where the absent party has a legally protected interest relating to the subject of the action, and disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. *See* Fed. R. Civ. P. 19(a).

Such was the case in *Mattera v. Clear Channel Communs., Inc.*, 239 F.R.D. 70 (S.D.N.Y. 2006), in which the plaintiff brought a proposed class action on behalf of sales representatives for two of over 1,200 New York City radio stations that defendants owned through subsidiaries, alleging that defendants made unauthorized deductions from the sales representatives' wages pursuant to a policy known as the "charge back policy." Defendants successfully moved to dismiss the complaint on the grounds that the plaintiff failed to join a necessary and indispensable party, Capstar, which was the owner and operator of the radio stations that employed the putative class members. *Id.* at 77. Specifically, Capstar set the compensation structure of the sales representatives and it was Capstar's charge back policy that was at issue. *Id.* at 75. In addition, Capstar was the direct employer of the sales representatives because they reported directly to Capstar, Capstar had the authority to hire, fire and discipline the sales representatives, and Capstar paid the sales representatives and retained their employment files. *Id.* at 75-76. The court concluded that Capstar, "because it is the employer of a significant

number of current sales representative, all of whom are members of the purported class, is a necessary party to this action under Rule 19(a)." *Mattera*, 239 F.R.D. at 76.

Here, for the same reasons, the distributors are "necessary" parties under Rule 19(a). First, the distributors have a substantial interest in the subject of the action and disposition of the action in their absence would impair or impede their ability to protect that interest. *See* Fed. R. Civ. P. 19(a). There is no question that if Plaintiffs succeed in their claims that they were misclassified as independent contractors, then the distributors would be deemed their direct employer, as it is the distributors that retain, interact with and pay the Independent Dealers, among other things. *See Mattera*, 239 F.R.D. at 77; *see also RBS Citizens, N.A. v. Portugal, Civil Action No.*, 3:10 CV 1306 (AWT), 2011 U.S. Dist. LEXIS 103585, at *8-9 (D. Conn. Sept. 14, 2011) (employer was necessary and indispensable where adjudication of former employee's claims required a fact finder to make determinations regarding the conditions of his employment and the employer had an interest in defending against the allegations that pertained to the employment relationship); *Dunn v. Std. Bank London Ltd.*, No. 05-CV-2749 (DLC), 2006 U.S. Dist. LEXIS 3115, at *10 (S.D.N.Y. Jan. 30, 2006) (As plaintiffs' employer, corporation was a necessary party to action under Fed. R. Civ. P. 19(a)).

Moreover, failure to join the distributors in this action would, as a practical matter, impair their ability to protect their interests. The distributors would not be present in the litigation to defend themselves, but a judgment in favor of Plaintiffs would be highly detrimental to the distributors because it would dramatically alter the way that the distributors conduct business going forward, including how they classify Independent Dealers (as employees or independent contractors) and how they structure their compensation policies. *See Barker-Homek v. Abu Dhabi Nat'l Energy Co. PJSC*, 2011 U.S. Dist. LEXIS 110591, at *23 (E.D. Mich. Sept. 28,

2011) (dismissing claim for wrongful termination for failure to join the company with whom plaintiff had an employment agreement because "precedent supports the proposition that a contracting party is the paradigm of an indispensable party").

Second, the distributors are necessary because disposition of the action in their absence would leave Kirby subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a). For example, if Kirby defeats Plaintiffs' claims by demonstrating that they were exempt from minimum wage requirements during their first week of work, Plaintiffs could bring the same claims directly against the distributors in their respective states and, if successful, attempt to proceed against Kirby on a joint employer theory. Thus, Kirby could be forced to defend itself in multiple actions relating to substantially the same claims. Kirby has already expended significant resources in discovery and motion practice in the instant action and anticipates that its defense will continue to require a substantial investment of time and resources going forward. It would be extremely burdensome and inefficient if, after successfully defending itself in the instant action, Kirby were required to defend itself yet again in a similar action. Accordingly, the distributors are necessary parties pursuant to Rule 19(a).

While the distributors are necessary under Rule 19(a), joinder is not feasible pursuant to Connecticut's long-arm statute because this Court does not have personal jurisdiction over the distributors outside of Connecticut. *See Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006) ("The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located."); *see also* Fed. R. Civ. P. 4(k)(1); Conn. Gen. Stat. § 52-59b. Plaintiffs do not even attempt to allege that the out-of-state distributors transact business within the state of Connecticut. *See* (SAC ¶¶ 5-69); *In re Helicopter Crash Near Wendle Creek, British Columbia on August 8, 2002*, 485 F. Supp. 2d 47, 52-54 (D. Conn. 2007) (no personal

7

jurisdiction pursuant to the Connecticut long-arm statute where Oregon corporation did not enter into a contract that was made or performed in Connecticut or solicit business in Connecticut).

**B. THE DISTRIBUTORS ARE INDISPENSABLE PARTIES AND, THUS, CLAIMS BROUGHT ON BEHALF OF INDEPENDENT DEALERS FOR DISTRIBUTORS OUTSIDE OF CONNECTICUT MUST BE DISMISSED.**

Where, as here, an absent party is necessary, but the party's joinder is not feasible for jurisdictional or other reasons, the Court must decide whether, in equity and good conscience, the action should proceed in the party's absence or whether the party should be deemed "indispensable" and the action dismissed. *Viacom*, 212 F.3d at 725. Rule 19(b) identifies four factors to guide the court's analysis in determining whether the absent party is indispensable: (1) the extent to which a judgment rendered in the party's absence might prejudice the absent party or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

In *Mattera*, the court held that non-party Capstar qualified as an indispensable party under Rule 19(b) because "Capstar would undoubtedly be prejudiced if a judgment is rendered in this action in its absence, given that the complaint is directed toward Capstar's own compensation structure and policies." The court further held that to allow the action to proceed without Capstar would "result in prejudice to Defendants, who risk double liability or, at a minimum, duplicative litigation with respect to the same charge back policy at issue."

The same is true here. First, a finding in favor of Plaintiffs would fundamentally affect every aspect of the way the distributors do business on a going forward basis, resulting in substantial prejudice to the distributors. Specifically, if this Court issues a judgment holding that the Independent Dealers should have been classified as employees under the FLSA and are

8

x

entitled to minimum wage during their initial week of work, such an order would likely result in drastic changes to the way that distributors conduct their business.  While perhaps not directly binding on the absent distributors, a judgment would likely have significant probative value to a sister court faced with similar claims, which would be the case if Independent Dealers brought FLSA claims against the distributors directly.  *See Errico v. Stryker Corp.*, 10 Civ. 3960 (VM) (JLC), 2010 U.S. Dist. LEXIS 133567, at *11-12 (S.D.N.Y. December 13, 2010) ("Indeed, an outcome adverse … even if not binding, could have a negative precedential effect … in a subsequent lawsuit and even affect the[] ability to obtain a mutually beneficial settlement.").  Therefore, in all likelihood, the distributors would need to undertake extensive proactive steps to avoid potential liability, including potential reclassification of Independent Dealers and changes to their compensation structure.

Second,  the prejudice that the distributors would suffer, described above, could not be lessened or avoided by protective provisions in the judgment.  A judgment in favor of the Plaintiffs could not be crafted in a way that would avoid these ramifications because if the Plaintiffs prevail, the Court will have necessarily determined that they should have properly been classified as employees and paid in accordance with the FLSA.

Third, the putative class members who worked for distributors outside the state of Connecticut would still have an adequate remedy if the claims brought on their behalf are dismissed.  Specifically, if they are dismissed from the instant action, the putative class members have other forums available because they could proceed with actions in the states where the distributors are located, where personal jurisdiction is proper.  *See* Wright et. al., supra, § 1608 ("Often dismissal is not a hardship because plaintiff will be able to bring the action in another federal court or in a state court.").

9

For the aforementioned reasons, the distributors are necessary and indispensable, and the joinder of distributors outside of Connecticut is not feasible for jurisdictional reasons. Accordingly, the Court should in equity and good conscience dismiss the FLSA claims brought on behalf of Independent Dealers who worked at out-of-state distributors and distributor trainees.

### IV. CONCLUSION

For the foregoing reasons, the Court should grant Kirby's motion for partial dismissal and dismiss Count 1 of the SAC to the extent that it is brought on behalf of Independent Dealers who worked for distributors and distributor trainees located outside the state of Connecticut.

Dated: February 5, 2013

Respectfully submitted,

/s/ *Matthew W. Lampe*
Matthew W. Lampe (phv04039)
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
MWLampe@jonesday.com

Patricia Reilly (ct08352)
LITTLER MENDELSON
265 Church Street, Suite 300
New Haven, Connecticut 06510
Telephone: (203) 974-8700
Facsimile: (203) 907-1914
PReilly@littler.com

*Attorneys for Defendant The Scott Fetzer Company d/b/a The Kirby Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013, a copy of the foregoing Memorandum of Law in Support of Defendant the Scott Fetzer Company d/b/a The Kirby Company's Motion for Partial Dismissal of the Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(7) was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: February 5, 2013

Respectfully submitted,

/s/ *Matthew W. Lampe*
Matthew W. Lampe (phv04039)
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
mwlampe@jonesday.com

*Attorneys for Defendant The Scott Fetzer Company d/b/a The Kirby Company*

NYI-4497817v2