# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUTH DIXON, ISHEA ANDERSON-RODRIGUEZ, ANDRE SMITH, KENNY FORD, and SAM HIRTH, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>THE SCOTT FETZER COMPANY d/b/a KIRBY,<br>            Defendants. | No. 3:11-cv-982 (MPS) |

## MEMORANDUM OF DECISION

Plaintiffs move to amend their complaint and caption and join three additional intervenor-plaintiffs under Rules 15(a)(2) and 20(a)(1) of the Federal Rules of Civil Procedure in a lawsuit under the Fair Labor Standards Act ("FLSA") seeking unpaid minimum wages from the Defendant, The Scott Fetzer Company d/b/a The Kirby Company ("Kirby"). For the reasons set forth below, the Court GRANTS the Motion to Amend the Complaint and to Join Additional Intervenor-Plaintiffs.

### I.    Background

Much of the factual background in this case is set forth in the Court's revised ruling on the parties' cross motions for summary judgment, *Dixon v. Zabka*, No. 3:11-CV-982 MPS, 2014 WL 6084351, at *1 (D. Conn. Nov. 13, 2014), familiarity with which is assumed. The Named Plaintiffs in this lawsuit are "Independent Dealers" who were hired and trained to sell Kirby vacuum cleaners at various Distributors in New England. In its previous ruling on the parties' motions for summary judgment, the Court concluded that there are genuine issues of material fact concerning (1) whether Kirby was a joint employer of the Independent Dealers, (2) whether

1

Independent Dealers were properly classified as independent contractors, and (3) whether the outside sales exemption applied to the Independent Dealers. *Dixon*, 2014 WL 6084351, at *9, 17, 23-24.

Workers whose "primary duty" is outside sales are exempt from the FLSA's wage requirements under 29 U.S.C. § 213(a)(1). On September 1, 2015, the Court ruled, among other things, that there was substantial variation among the Independent Dealers concerning whether their primary duty during their first week of work was outside sales or whether they were properly classified as independent contractors and that such individualized inquiries were not suitable for a collective action. Therefore, the Court granted Kirby's motion to decertify the conditionally-certified collective of over 900 opt-in plaintiffs, and dismissed the claims of the opt-ins without prejudice. (ECF Nos. 423 and 424.)

Following decertification, 130 Independent Dealers, who worked for approximately 17 Distributors across seven states—Connecticut, Massachusetts, Maine, New Hampshire, Rhode Island, Vermont, and part of New York (the "Intervenor-Plaintiffs")—moved to intervene in this lawsuit under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure. (ECF No. 436.) The Court granted the Motion to Intervene on May 31, 2016. (ECF No. 448) On June 9, 2016, Plaintiffs filed a motion to replace their earlier proposed intervenor complaint with a new one that contained the names of 28 additional intervenor-plaintiffs. (ECF No. 449.) The Court granted that motion (ECF No. 450) and an Intervenor Complaint with 158 Intervenor-Plaintiffs was filed on June 15, 2016.

After representing to the Court that they had agreed to discuss settlement, the parties were referred to mediation with Magistrate Judge Donna F. Martinez on June 20, 2016. After settlement negotiations were unsuccessful, the Plaintiffs informed the Defendant on September

2

28, 2016 of three additional intervenor-plaintiffs that they wanted to join to the case. Plaintiffs'
counsel became aware of the three intervenor-plaintiffs shortly after the Intervenor Complaint
was filed on June 15, 2016. Plaintiffs moved to amend the complaint and join the three
additional intervenor-plaintiffs on October 7, 2016.

## II.    Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely
granted when justice so requires. Within the Second Circuit, courts generally "allow a party to
amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."
*AEP Energy Services Gas Holding Co. v. Bank of America, N.A.,* 626 F.3d 699, 725 (2d Cir.
2010). The Supreme Court had held that "[i]n the absence of any apparent or declared reason –
such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to
cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by
virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as
the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Mere delay,
however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district
court to deny the right to amend." *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir.
1993). "Nonetheless, a district court retains the discretion to grant or deny leave to amend."
*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Rule 20(a)(1) permits the joinder of multiple plaintiffs in a single action if two criteria are
met: (A) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and
occurrences"; and (B) "any question of law or fact common to all plaintiffs will arise in the
action." Fed. R. Civ. P. 20(a)(1). "What will constitute the same transaction or occurrence
under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v.
Yamaha Motor Corp., U.S.A.,* 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As

the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).  Joinder in a single action does not necessarily mean joinder in a single trial.  Rule 21 of the Federal Rules permits a court to sever claims and parties for trial to cure prejudice and for other reasons.  *See also* Fed. R. Civ. P. 42(b) (permitting separate trials), *German by German v. Fed. House Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 & n.6 (S.D.N.Y. 1995).

### III.    Discussion

Joinder of the three additional intervenor-plaintiffs is proper under both Rule 15 and Rule 20(a)(1).

Under Rule 15, Defendant has not shown that plaintiff delayed amending the complaint in bad faith or that the amendment would result in undue prejudice.  While there was a delay, the Second Circuit has been clear that delay alone does not provide a basis to deny a motion to amend.  *See Block*, 988 F.2d at 350.  Kirby asserts that adding the three additional intervenor-plaintiffs would result in undue prejudice because the new parties would have the "benefit of knowing Kirby's position at the settlement conference;" however, Kirby does not explain what benefit the three new plaintiffs would receive by knowing their position.  (ECF No. 491 at 5.) The case did not settle, and so it is unclear what benefit the proposed intervenors have gained from learning about proposals that Kirby may have made in the past.  In addition, the other

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma,* 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1653 (3d ed.).

intervenor-plaintiffs also know Kirby's settlement position, and so it is also unclear how there would be any benefit to the three additional intervenor-plaintiffs that the rest of the intervenor-plaintiffs do not already have.  Defendant cites *Mendez v. The Radec Corp.*, 260 F.R.D. 38 (W.D.N.Y. 2009), where the proposed intervenor-plaintiffs did not seek to intervene until after there was a judgment in favor of the plaintiffs.  Here, there has been no judgment and a trial date for the intervenor-plaintiffs has not been set.  Discovery for the Intervenor-Plaintiffs began less than a month ago – on October 25, 2016 – and Defendant can serve the same written discovery requests on the three new Intervenor-Plaintiffs.

Under Rule 20, Plaintiff has shown that the action "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  The Plaintiffs seek to join plaintiffs whose claims arise out of the same series of transactions or occurrences, in particular the hiring and training of Independent Dealers selling Kirby vacuum cleaners.  While the Independent Dealers worked for different distributors, they are "logically related" because the claims all depend on similar inquiries – whether they were the Defendant's employees, whether they were properly classified as independent contractors, and what the primary purpose of their training was.  Although the Court has determined that these inquiries will be individualized – such that the case may not proceed as a collective action under the FLSA – considerations of judicial economy still warrant resolving these issues in a single lawsuit, for the reasons stated in the Court's ruling on the motion to intervene.  (ECF No. 448 at 4.)

Defendant cites two cases that are distinguishable from this one.  In *Yi Liu v. Selective Ins. Co. of Am.*, 2013 WL 6537176, at *2 (E.D.N.Y. Dec. 13, 2013), the court did not permit the joinder of plaintiffs suing an insurance company for failure to cover damage from Superstorm

Sandy.  In that case, the plaintiffs did not allege that they had the same policy, that their properties were similarly situated, or that the properties suffered similar damage.  *Id.*  In *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013), the court determined that 16 plaintiffs were not properly joined because they had each "entered into a different loan transaction at a different time" and all of the "claims relate[d] to a distinct property."  In both cases, joinder was denied where plaintiffs had entered into different contracts covering different properties.

Furthermore, this Court has already determined that "the Intervenor-Plaintiffs share common issues of fact and law" with the named Plaintiffs and that "[t]here are several significant common questions of law among the Named Plaintiffs and the Intervenor-Plaintiffs."  (ECF No. 448 at 6, 4.)  These include "whether Kirby is liable as a joint employer, whether the Independent Dealers are independent contractors, and whether the outside sales exemption applies."  (*Id.* at 4.)

Defendant cites *Botero v. Commonwealth Limousine Serv., Inc.* as an example of a case where a court denied plaintiffs' motion for leave to amend to add plaintiffs in a FLSA case.  302 F.R.D. 285 (D. Mass 2014).  While the reasoning in *Botero* is sound, this case is further advanced and considerations of judicial economy warrant joining the three proposed intervenor-plaintiffs.  The Court has already granted a motion to intervene with respect to a large group of intervenor-plaintiffs, and it would make little sense at this point to close the door to three additional individuals merely because of the passage of a few months.  There is no reason to burden other courts with the same factual and legal issues with which this Court has already developed familiarity.

Finally, Kirby urges the Court to impose a cut-off for the addition of any new plaintiffs. This is a reasonable request given the very large number of plaintiffs who have already joined,

the ample opportunity that members of the conditionally certified collective have had to join following notice of the action, and the overall need to manage the case towards a "just, speedy, and inexpensive" resolution.  Discovery relating to the Intervenor-Plaintiffs has now begun, and each day that it proceeds, the prospect of prejudice to the Defendant from the addition of new plaintiffs increases.  Therefore, within 14 days of this order, counsel for Plaintiffs and Intervenor-Plaintiffs shall inform counsel for Defendant if there are any more persons who seek to join as plaintiffs in this action.  If there are, then these persons will have 21 days from the date of this order to move to join.  Any such motion shall include a detailed showing – including detailed affidavits from each of the would-be intervenors – why they did not seek to intervene earlier and how they have exercised diligence in protecting their alleged rights under the FLSA. The Court will allow no further joinder after that date.

## IV.    Conclusion

For the reasons set forth above, the Court GRANTS the Motion to Amend the Complaint and to Join Additional Intervenor-Plaintiffs.

IT IS SO ORDERED.

        /s/
        Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              November 18, 2016

7